## BEVAN v. BEVAN.
### No. 36263.

Supreme Court of Oklahoma.

July 13, 1954.

Rehearing Denied Sept. 28, 1954.

G. C. Spillers, G. C. Spillers, Jr., Tulsa, for plaintiff in error.

Ungerman, Whitebook, Grabel & Ungerman, Irvine E. Ungerman, Charles A. Whitebook, Tulsa, for defendant in error.

ARNOLD, Justice.

The sole issue involved in this appeal is the custody of the minor children of the parties. In the original decree in the divorce action between Mary Margaret Bevan and Thomas J. Bevan custody of their two sons, ages 9 and 12, was reposed in the mother, Mary Margaret Bevan, with rights of visitation on weekends to the father.

Thereafter, on May 20, 1953, Thomas J. Bevan filed his application to modify the provisions for custody of the children. The mother resisted the application to modify contending that the modification sought would not be to the best interests of the children. At the conclusion of all the evidence the court entered its order giving custody of the children to the father each year during the minority of the children for the period commencing on the 1st of July and continuing to the beginning of the Christmas school vacation of the younger child, and to the mother from the beginning of such Christmas school vacation to and inclusive of June 20th of each year, the mother to have the children on Christmas day and the father on the day after Christmas, with detailed provisions as to the right of visitation by the parent not having custody at any particular time. The mother appeals from the court's order dividing custody.

The evidence shows that both children attend private parochial schools in the city of Tulsa; that such schools are situated approximately equidistant from the homes of each of the parents; that each

parent has in the past and will in the future provide transportation to and from such schools at such time as the children are in the custody of that parent; that since the divorce of the parties the father has remarried and established a home with accommodations sufficient to care for the boys; that the father's present wife would enjoy having the children in her home; that both parents have ample means to care for the children properly. It is conceded that both parents are fit and proper persons to have custody of the children and there is no evidence to the contrary. Under these circumstances we cannot say as a matter of law that the finding of the court that the children are now and will continue to be in need of the companionship, guidance and training of both parents and that it is to the best interests of the children that partial custody be vested in both parents is clearly against the weight of the evidence.

Affirmed.